UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBIE DEANNA RUFF,

          Plaintiff,                  Civil Action No. 22-cv-12569
                                                HON. BERNARD A. FRIEDMAN

vs.

UNITED STATES OF AMERICA,
KEVIN THYAS, LAWRENCE BASQUIN,
KIPLING DUNCAN a/k/a DANNY CAIN,

          Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO
PROCEED WITHOUT PREPAYING FEES OR COSTS
AND DISMISSING THE COMPLAINT**

Before the Court is pro se plaintiff Bobbie Deanna Ruff's application to proceed without prepaying fees or costs (ECF No. 2). For the following reasons, the Court shall grant the application and dismiss the complaint.

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, the Court is required to dismiss a complaint filed in forma pauperis if the Court determines that the action is frivolous or that it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

A complaint is frivolous if "it lacks an arguable basis either in law or in fact" or describes "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (cleaned up).

This is a frivolous case brought against the United States and individuals identified as FBI agents or informants. *See* (ECF No. 1, PageID.2-3). Ruff claims she was subpoenaed to testify in federal court against the FBI. (*Id.* at PageID.5). She alleges that she was stalked and "attacked with sleeping gas and then injected twice with chemicals that gave [her] an instant heart attack." (*Id.*). Ruff maintains that "upon [her] truthful discoveries [she] was locked into a hospital and drugged to the point of overdosed [sic] in further attempts to silence [her]." (*Id.*). She states that "[m]ultiple attempts have been made on [her] life." (*Id.*).

Ruff goes on to allege that in 2000 an FBI Agent "made false [allegations] after he arrested [her]" and that he "set [her] up in a double homicide plot with very dangerous people who harmed and tried to murder [her]." (*Id.* at PageID.7). Ruff further states that in 2018 she was set up in a "hoax in a hospital involving

2

[her] now missing brother and freshly traced blood." (*Id.*).[1]  She claims that chemical warfare was used against her, that she was injected, and that she bears a scar with "2 needle holes, skin death and a forever damaged heart." (*Id.* at PageID.7).  She states that she believes they intended to murder her. (*Id.*).

Ruff also claims that she has "trial now and discovered evidence was fabricated to help them hurt me more." (*Id.*)  She asserts that she requested "the real video evidence" but that her "lawyer is working with the higher up [sic] as well." (*Id.*)  A later section of the complaint states that she is going to trial in the Erie County Court of Common Pleas on November 14, 2022. (*Id.* at PageID.9).

Ruff's allegation that she was set up, attacked, drugged, injected and targeted for murder by the United States and individuals working for the FBI is "irrational" and "wholly incredible." *Denton*, 504 U.S. at 33.  Accordingly, the complaint is subject to dismissal as frivolous.  28 U.S.C. § 1915(e)(2)(B)(i).

The complaint separately fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  Ruff brings this case as a claim of cruel and unusual punishment in violation of the Eighth Amendment of the Constitution. (ECF No. 1, PageID.8) (identifying the Eighth Amendment as the statute under which she is filing); (*Id.* at PageID.4) (identifying, as the basis for federal question

---

[1] Ruff also states that her "sibling assisted the FBI in harming [her]" and that he "was in turn given a new name." (*Id.* at PageID.5).  She appears to list this individual as a defendant who allegedly acted as an FBI informant or accomplice. (*Id.* at PageID.3, 28).

jurisdiction, "personal injury inflicted by the FBI constitutes as [sic] cruel and unusual punishment per our constitution"). But Ruff does not allege that she is in custody nor that she has been convicted of a crime. (*Id.* at PageID.2) (noting her street address in River Rouge, Michigan).

The Eighth Amendment "was designed to protect those convicted of crimes." *Ingraham v. Wright*, 430 U.S. 651, 664 (1977). "[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law." *Id.* at 671 n.40. The Eighth Amendment is inapplicable where, like here, the individual in question is not subject to punishment for conviction of a crime. Accordingly,

IT IS ORDERED that Ruff's application to proceed without prepaying fees and costs is GRANTED.

IT IS FURHTER ORDERED that the complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

s/Bernard A. Friedman
Dated: November 16, 2022      Bernard A. Friedman
    Detroit, Michigan      Senior United States District Judge

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on November 16, 2022.

**Bobbie Deanna Ruff**                    s/Johnetta M. Curry-Williams
28 E. Pleasant St.                          Case Manager
River Rouge, MI 48218